# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge William J. Martínez

Criminal Case No. 19-cr-522-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**1.     JOEL FLORES**,

      Defendant.

---

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND MOTION FOR NOTICE OF THE GOVERNMENT'S INTENT TO USE EVIDENCE IN ITS CASE-IN-CHIEF AT TRIAL

---

The Government charges Joel Flores with one count of possession of a firearm and ammunition by a prohibited person (18 U.S.C. § 922(g)(1)), one count of possession with intent to distribute methamphetamine (21 U.S.C. § 841(a)(1) & (b)(1)(C)), and one count of possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)(i)).  (ECF No. 1.)

Currently before the Court is Defendant's Motion to Dismiss (Violations of Fifth and Sixth Amendment Rights) or, in the Alternative, to Order Pretrial Release to Home Detention, and Request for an Evidentiary Hearing, filed on May 7, 2020.  ("Motion to Dismiss"; ECF No. 27.)  The Government filed its response on May 15, 2020 (ECF No. 31), and Flores filed his reply on May 16, 2020 (ECF No. 32).

Also before the Court is Defendant's Motion for Notice of the Government's Intent to Use Evidence in its Case-In-Chief at Trial ("Motion for Disclosure of Evidence";

ECF No. 29), filed on May 13, 2020.  The Government filed its response on May 22, 2020.  (ECF No. 33.)

The Court finds that no evidentiary hearing is necessary to resolve these motions.  For the reasons set forth herein, these motions are denied.

## I.  DEFENDANT'S MOTION TO DISMISS

### A.   Background

Flores was indicted on December 18, 2019.  (ECF No. 1.)  Following a detention hearing on December 20, 2019, U.S. Magistrate Judge Kristen L. Mix ordered that Flores be detained pending trial because "no condition or combination of conditions of release will reasonably assure the appearance of the defendant and the safety of the community."  (ECF No. 15 at 1.)  He is currently being held at the Clear Creek County Detention Center in Georgetown, Colorado ("Clear Creek").  (ECF No. 27 at 1.)

In light of the COVID-19 pandemic, Clear Creek has been closed to all outside visitors since March 12, 2020.  (*Id.* at 2.)  In lieu of in-person meetings, Clear Creek has encouraged attorneys to schedule video conferences with their clients, which they can join from any remote location or from the lobby of the detention center.  (*Id.*; *see also* ECF No. 27-1.)  It also allows detainees to communicate with their attorneys through phone calls.  (ECF No. 27 at 3.)

However, since the COVID-19 restrictions were put in place at Clear Creek, Flores alleges he has experienced five instances in which he was unable to engage in private communications with his attorney.  On March 23, 2020, defense counsel was unable schedule a video conference with Flores from a remote location.  (*Id.*) Thereafter, his attorney traveled to Clear Creek twice—on March 23, 2020 and May 6,

2

2020—to video conference with him from the public lobby.  (*Id.* at 3.)  Because defense counsel participated in these video conferences from a public lobby, their conversations could have been overheard by anyone nearby.  (*Id.*)  Finally, Flores twice called his attorney at his attorney's home phone number and was advised that his calls were being monitored.  (*Id.*)

Flores's counsel argues that he "must have the availability of in-person, confidential consultations with the Defendant" and that Clear Creek's current restrictions on attorney-client communication violate Flores's Fifth and Sixth Amendments to the U.S. Constitution.  (ECF No. 27 at 7–8.)  As a remedy for the alleged deprivation of his constitutional rights, Flores requests that the Court either (1) dismiss his indictment; or (2) order that Flores be released to home confinement.  (*Id.*)

## B.    Discussion

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."  The Supreme Court has held that "inmates must have a reasonable opportunity to seek and receive the assistance of attorneys," and that "[r]egulations and practices that unjustifiably obstruct the availability of professional representation or other aspects of the right of access to the courts are invalid."  *Procunier v. Martinez*, 416 U.S. 396, 419 (1974), *partially overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989).  However, "the Sixth Amendment does not require in all instances full and unfettered contact between an inmate and his counsel."  *Mann v. Reynolds*, 46 F.3d 1055, 1060 (10th Cir. 1995); *see also Bellamy v. McMickens*, 692 F. Supp. 205, 214 (S.D.N.Y. 1988) ("[S]tates have no obligation to provide the best manner of access to

3

counsel.  Rather, restrictions on inmates' access to counsel via the telephone may be permitted as long as prisoners have some manner of access to counsel.").

Flores argues that his inability to communicate with his counsel violates his Sixth Amendment right to effective representation.  Here, he asserts that the COVID-19-related restrictions imposed at Clear Creek have effectively precluded him from engaging in privileged communications with his attorney.  The Government, on the other hand, points to a number of measures in place at Clear Creek to allow detainees continued access to counsel during the current pandemic, which it argues are sufficient under the Sixth Amendment.  (ECF No. 31 at 4–9.)  The Court agrees.

The Court recognizes that Clear Creek's COVID-19 policies—which were implemented to enhance the safety of detainees and the jail staff—present challenges to communication with counsel.  It appears likely that the policies implemented will make it more difficult for detained defendants to communicate with counsel in the short term.  However, Clear Creek offers a number of reasonable alternative methods to allow defendants to communicate with counsel, including video conferencing, phone calls, and legal mail.

Flores fails to adequately allege that Clear Creek's alternative methods of communication deprive him of his right to effective counsel.  According to the representations in the Motion to Dismiss, defense counsel only attempted to schedule a video conference from a remote location *once*; thereafter, he chose to travel to the public lobby of the Clear Creek County Jail to communicate with Flores.  (ECF No. 27 at 2–3.)  Without any information as to why defense counsel cannot utilize the remote video conferencing option going forward, the Court is unable to conclude that video

conferencing is not a viable alternative for Flores to have private, privileged conversations with his attorney.  The Court is similarly unable to conclude that confidential phone calls with counsel are not feasible.

Most significantly, however, Flores has failed to cite any authority for his assertion that the temporary suspension of in-person, attorney-client communication amounts to a violation of Flores's constitutional rights, and that this infringement requires dismissal of his indictment or release from detention.  (ECF No. 27 at 5–9.) Nor is the Court aware of any such case law.[1]  As such, the Court finds that the temporary infringement of Flores's ability to communicate with his counsel in person does not amount to an unjustifiable burden on his Sixth Amendment rights.[2]

The Court further notes that after Clear Creek suspended in-person visitations, the Court granted Flores a 60-day extension to prepare his case based, in part, on the communication difficulties detailed above.  (*See* ECF No. 25 at 4–5.)  Flores's trial date is still nearly two months away.  (ECF No. 26.)  To the extent Flores and his counsel require additional time to confer, review discovery, and/or prepare his defense, he may

---

[1] To the contrary, numerous courts from around the country have recently denied defendants' requests to be released from pretrial detention based on allegations that their difficulties communicating with their counsel during the COVID-19 pandemic infringe on their Sixth Amendment rights.  *See, e.g.*, *United States v. Dawara*, 2020 WL 2404898 at *8 (E.D. Pa. May 12, 2020); *United States v. Ratchford*, 2020 WL 2306471 at *7 (D. Md. May 7, 2020); *United States v. Martinez-Espinoza*, 2020 WL 2767520 at *3 (S.D. Cal. May 28, 2020); *United States v. Mayo*, 2020 WL 2485927 at *5 (D. Guam May 11, 2020); *United States v. Olszewski*, 2020 WL 2420483 at *3 (S.D.N.Y. May 12, 2020); *United States v. Phillips*, 2020 WL 2084808 at *4 (E.D. Cal. Apr. 30, 2020).

[2] With regard to his Fifth Amendment due process claim, Flores argues that he "is being deprived of his right to the effective assistance of counsel, which, in turn, threatens his right to due process and a fair trial."  (ECF No. 27 at 8.)  Because his due process claim is derivative of his Sixth Amendment claim, Flores's Fifth Amendment claim fails for the same reasons as his Sixth Amendment claim.

make an application to the Court for a further extension of time.  The proper remedy, however, is neither Flores's release nor an outright dismissal of the indictment.  *See United States v. Morrison*, 449 U.S. 361, 361–62 (1981) ("Absent demonstrable prejudice, or substantial threat thereof, from the violation of the Sixth Amendment, there is no basis for imposing a remedy in the criminal proceeding . . . and dismissal of the indictment is plainly inappropriate.").

For these reasons, Flores's Motion to Dismiss (Violations of Fifth and Sixth Amendment Rights) or, In the Alternative, to Order Pretrial Release to Home Detention, And Request for Evidentiary Hearing (ECF No. 27) is denied.

## II.  MOTION FOR DISCLOSURE OF EVIDENCE

In his Motion for Disclosure of Evidence, Flores asks the Court to issue an order requiring the Government to "provide notice to Defendant Flores of its intent to use evidence in its case-in-chief at trial against him which he may be entitled to discover" under Federal Rule of Criminal Procedure 16.  (ECF No. 29 at 1.)  In support of his request, Flores cites Federal Rule of Criminal Procedure 12(b)(4)(B), which provides:

> **(4) Notice of the Government's Intent to Use Evidence.**
>
> * * *
>
> **(B) At the Defendant's Request.** At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

Fed. R. Crim. P. 12(b)(4)(B).  Flores asserts that notice of the Government's intent to use evidence is necessary "so that he has an adequate opportunity to suppress such

6

evidence" under Federal Rule of Criminal Procedure 12(b)(3)(C).  (ECF No. 29 at 3.)

In response, the Government argues that its broad representation that it "reserves the right to introduce in its case-in-chief all tangible objects, physical and documentary evidence, and all other evidence provided, made available, or identified in discovery" is a satisfactory disclosure under Rule 12(b)(4)(B).  (ECF No. 33 at 1–2.) Nonetheless, the Government goes on to identify four categories of information that it intends to introduce in its case-in-chief: (1) evidence found on the Defendant's person during a search of him on April 17, 2019; (2) evidence found during a search of the vehicle in which the Defendant was a passenger on April 17, 2019; (3) evidence found in the area where the Defendant was found and last seen before his arrest on April 17, 2019; and (4) statements made by the Defendant on April 17, 18, and 19, 2019; and the Government disclaims any current intent to use evidence obtained pursuant to two location-data search warrants.  (*Id.* at 3.)

Because Flores has cited no specific right to disclosure more detailed that what has already been provided by the Government, the Court finds that the Government's disclosure is sufficient under Federal Rule of Criminal Procedure 12(b)(4)(B).  *See United States v. Alvarez-Gonzalez*, 2013 WL 4883054, at *2 (D. Colo. Sept. 12, 2013). However, to the extent that defense counsel has questions about other specific information that may be suppressible, the Court strongly encourages defense counsel to confer with the Government prior to filing a suppression motion, as the Government may, at that point, reveal that it does not intend to use such evidence.  While the Court appreciates the parties' right in criminal cases to withhold much of the specifics as to how they intend to prove their case at trial, the Court encourages counsel to confer with

7

each other, in all cases, and at all stages of a case.

For the foregoing reasons, Flores's Motion for Notice of the Government's Intent to Use Evidence in its Case-In-Chief at Trial (ECF No. 29) is denied.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.     Defendant's Motion to Dismiss (Violations of Fifth and Sixth Amendment Rights) or, in the Alternative, to Order Pretrial Release to Home Detention, and Request for an Evidentiary Hearing (ECF No. 27) is DENIED; and

2.     Defendant's Motion for Notice of the Government's Intent to Use Evidence in its Case-In-Chief at Trial (ECF No. 29) is DENIED.

Dated this 12th day of June, 2020.

BY THE COURT:

William J. Martinez
United States District Judge