IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 19-cr-522-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOEL FLORES,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS (VINDICTIVE PROSECUTION AND VIOLATION OF DUE PROCESS) AND REQUEST FOR EVIDENTIARY HEARING**

---

This matter is before the Court on Defendant Joel Flores's Motion to Dismiss (Vindictive Prosecution and Violation of Due Process), and Request for Evidentiary Hearing ("Motion"), filed on September 4, 2020. (ECF No. 66.) The Government responded on September 24, 2020 (ECF No. 77), and Flores replied on September 28, 2020 (ECF No. 79). The Court heard oral argument on the Motion on March 18, 2021. (ECF No. 133.)

For the reasons stated below, this Motion is denied.

### I. BACKGROUND

The Court presumes familiarity with the events underlying Flores's arrest, which are recounted elsewhere, and the extensive history of this case. (*See, e.g.*, ECF No. 73.) The Court will only summarize the events that are pertinent to resolving the

Motion.

On December 18, 2019, a grand jury indicted Flores on one count of possession of a firearm and/or ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1), one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).  (ECF No. 1.)

Prior to March 2020, Assistant United States Attorney ("AUSA") Rajiv Mohan reportedly offered Flores a plea deal that required Flores to plead guilty to possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C.§ 924(c)(1)(A)(i), which carried a mandatory minimum sentence of 5 years in prison.  (ECF No. 66 at 4.) Flores rejected that plea offer.  (*Id.*)

On March 19, 2020, Flores's counsel, Edward Harris from the Office of the Federal Public Defender, moved to withdraw from the case.  (ECF No. 19.)  The Court found good cause for the requested withdrawal and granted Mr. Harris's request on March 20, 2020.  (ECF No. 21.)  Daniel Sears was appointed as Flores's counsel on March 21, 2020.  (ECF No. 22.)  Thereafter, AUSAs Daniel McIntyre and Thomas Minser joined the case on June 16, 2020.  (ECF Nos. 37, 38.)

On July 6, 2020, Flores's counsel e-mailed AUSA McIntyre:

> . . .
>
> As I get further into this case, I ask you to consider whether you truly believe that the evidence will support a conviction on Count 3.  If you agree that the jury may find it difficult under the facts of the case to enter a conviction to possessing a firearm in furtherance of a drug-trafficking

>crime, I submit that we might want to revisit a plea
>disposition to the count charging possession of a firearm by
>a felon.
>
>If you are interest[ed] in pursuing this, let me know.

On July 10, 2020, AUSA McIntyre rejected this proposal, writing:

>. . .
>
>I am happy to discuss a disposition short of trial, but I cannot agree to your proposal below.  Based on my review thus far, I don't believe a plea to the 922(g)(1) with a dismissal of the other charges is an appropriate resolution.  Although no case is easy, I do believe we have sufficient evidence to prove the 924(c), although I am happy to consider any information or argument to the contrary.  Additionally, I believe the drug results which we recently received change the posture of the case significantly.  I believe this because the new evidence is sufficient to support a charge under 841(b)(1)(B), rather than 841(b)(1)(C) as it is currently charged as a result of the state of the evidence at the time of the original indictment.
>
>Based on these testing results, I intend to seek a superseding indictment.  However, I believe it is appropriate in this case to permit your client to plead to the current indictment if he wishes to do so.  This would set significantly a lower floor [*sic*] on the possible sentence.  I would like to set a deadline for him to file his notice of disposition that allows sufficient time for you to discuss it with him and for him to consider his options.  I propose July 31, 2020 as the deadline for him to accept this officer – three weeks from today.  If he wishes to accept it, please file a notice of disposition no later than 5:00 p.m. that day.
>
>I am happy to discuss further at your convenience.

(ECF No. 66-3 at 1.)[1]  Upon a request for clarification, AUSA McIntyre clarified that he

---

[1] The Chemical Analysis Report showed that the substance seized from Flores upon his arrest on April 17, 2019 contained approximately 12.3 grams of 98% pure methamphetamine hydrochloride.  (ECF No. 78.)  The report showed that the substance was accepted by the

3

was proposing a plea to all three counts of the current indictment. (*Id.*) Flores rejected that offer on July 31, 2020. (ECF No. 77 at 4.)

Thereafter, on August 5, 2020, the Government obtained a superseding indictment against Flores, charging him with one count of one count of possession of a firearm and/or ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1), one count of possession with intent to distribute 5 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (ECF No. 56.)

## II. ANALYSIS

In his Motion, Flores argues that the Government has engaged in vindictive prosecution and requests dismissal of the superseding indictment. (ECF No. 66.)

### A.   Legal Standards

A prosecutor violates a defendant's due process rights when he uses the charging decision to retaliate for the defendant's exercise of constitutional or statutory rights. "To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, and for an agent of the State to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is 'patently unconstitutional.'" *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978) (internal citations omitted); *United States v. Goodwin*, 457 U.S. 368, 372 (1982) ("[W]hile an individual certainly may be penalized for violating the law, he just as

---

laboratory on May 26, 2020, and was analyzed on June 23, 2020, and this analysis was approved on June 24, 2020. (*Id.*)

certainly may not be punished for exercising a protected statutory or constitutional right.").

To establish prosecutorial vindictiveness, "the defendant bears the burden of proving either (1) actual vindictiveness, or (2) a realistic likelihood of vindictiveness which will give rise to a presumption of vindictiveness." *United States v. Wall*, 37 F.3d 1443, 1447 (10th Cir. 1994) (quotation marks omitted).  If a defendant successfully meets this burden, the prosecution must "justify its decision with legitimate, articulable, objective reasons" for its actions.  *Id.* (quoting *United States v. Raymer*, 941 F.2d 1031, 1040 (10th Cir. 1991)).  If a defendant does not meet his initial burden of proof, "the district court need not reach the government justification issue." *Raymer*, 941 F.2d at 1040.

"Actual vindictiveness occurs when the government's decision to prosecute was a direct and unjustifiable penalty for the exercise of a procedural right by the defendant." *United States v. Ray*, 899 F.3d 852, 860 (10th Cir. 2018) (quotation marks omitted).  On the other hand, to establish presumptive vindictiveness, a court must consider whether "as a practical matter, there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or punitive animus toward the defendant because he exercised his specific legal right." *Raymer*, 941 F.2d at 1042.

**B.     Whether the Presumption of Vindictiveness Applies**

Flores concedes that he does not have evidence of actual vindictiveness, but he argues that the facts of this case nonetheless warrant the application of a presumption

of vindictiveness.  (ECF No. 66 at 9; Tr. 9, 18.)[2]  In particular, he focuses on: (1) the Government's 14-month delay in submitting the methamphetamine seized from Flores on April 17, 2019 to the laboratory for testing; (2) the addition of two AUSAs to the case, after which Flores was offered a plea deal that required him to plead guilty to all three charges of the original indictment; (3) the fact that if Flores accepted the Government's plea deal in July 2020, he effectively would be required to "give up his right to pursue his motion to suppress"; and (4) the fact that if Flores did not accept the Government's plea deal, the Government would file a superseding indictment against Flores containing elevating charges.  (ECF No. 11; Tr. at 10–15.)  Moreover, according to Flores,

> [d]uring the threat of this extraordinary pandemic and the resulting restrictions on the [Flores's] ability to freely and privately confer with his counsel, effectively review the [G]overnment's evidence against him with counsel, and to accomplish the court-authorized evaluation of his mental condition, the new prosecutors, Defendant submits, were obligated to abstain from seeking the return of new charges imposing increased mandatory penalties which deny his right to trial, and restrict the sentencing discretion of the [C]ourt.

(ECF No. 66 at 12.)[3]

In response, the Government argues that Flores has not presented evidence of vindictiveness and is not entitled to a presumption of vindictiveness based on the factual

---

[2] Because neither party has yet ordered the transcript of the March 18, 2021 oral argument, the Court will cite a draft version of the transcript prepared by the undersigned's court reporter.  Pagination may differ from a final version of the transcript, to the extent it is prepared.

[3] Flores offers no case law for this proposition, nor is the Court aware of any.  As such, the Court is unpersuaded by Flores's argument that the Government's actions should be viewed as vindictive just because they occurred during the COVID-19 pandemic.  (ECF No. 66 at 7–9.)

6

history of the case and the parties' conduct. (ECF No. 77 at 4–8.) Specifically, the Government contends that it submitted the methamphetamine seized from Flores for full laboratory testing after plea negotiations had ceased and the parties began preparing for trial.[4] (Tr. at 33–34, 41–42.) Based on the Chemical Analysis Report, the Government determined that it would obtain a superseding indictment against Flores. (*Id.* at 34.) However, before doing so, the Government determined that it would give Flores an opportunity to plead guilty to the three charges of the current indictment, which Flores rejected. (*Id.*) According to the Government, "based on the totality of the circumstances here, there is no evidence" of prosecutorial vindictiveness. (Tr. at 36.) The Court agrees with the Government.

Critically, "neither the Supreme Court nor the Tenth Circuit has ever found presumptive vindictiveness in a pretrial setting." *Ray*, 899 F.3d at 860 (quotation marks omitted). For example, in *Bordenkircher*, the Supreme Court held that a prosecutor does not violate the Due Process Clause of the Fourteenth Amendment by merely "present[ing] the defendant with the unpleasant alternatives of forgoing trial or facing charges on which he was plainly subject to prosecution" and carrying out a threat to indict a defendant on a more serious charge after he declined the plea offer. 434 U.S. at 364.

Thereafter, in *Goodwin*, the Supreme Court also declined to apply a presumption of vindictiveness based on a prosecutor's decision to obtain a felony indictment after a defendant rejected a plea to a misdemeanor. 457 U.S. at 384. The Supreme Court

---

[4] During the evidentiary hearing, AUSA Minser represented that prior to sending the methamphetamine for the full laboratory testing needed for trial, the Government had already

7

reasoned that "[i]t is unrealistic to assume that a prosecutor's probable response to [commonplace pretrial motions] is to seek to penalize and deter" and that the possibility that the prosecutor would respond "by bringing charges not in the public interest that could be explained only as a penalty imposed on the defendant is so *unlikely* that a presumption of vindictiveness certainly is not warranted." *Id.* at 381, 384 (emphasis in original).  In other words, "changes in the charging decision that occur in the context of plea negotiation are an inaccurate measure of improper prosecutorial 'vindictiveness.'" *Id.* at 379–80.  After all,

> [a] prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution.  An initial decision should not freeze future conduct.  As we made clear in *Bordenkircher*, the initial charges filed by a prosecutor may not reflect the extent to which an individual is legitimately subject to prosecution.

*Id.* at 382.

In this case, the Government was not required to offer Flores *any* plea deal before obtaining a superseding indictment containing elevated charges.  Its decision to seek a superseding indictment is not transformed into a vindictive act by the mere fact that AUSA McIntyre: (1) informed Flores of his intention to seek a superseding indictment, and (2) offered to let Flores to plead guilty to the three counts of the original indictment.

After all, "[p]lea bargaining flows from 'the mutuality of advantage' to defendants and prosecutors," and there "is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer." *Bordenkircher*, 464 U.S.

---

received a "presumptive screen" of the substance.  (Tr. at 35.)

at 363.  Although Flores contends that "the new prosecutors did not extend a reasonable plea offer that Flores was 'free' to accept or reject" (ECF No. 66 at 11), he offers no credible explanation about how he was deprived of the freedom to make a voluntary choice regarding his case.  *See United States v. Creighton*, 853 F.3d 1160, 1165 (10th Cir. 2017) (recognizing that a "claim of vindictive prosecution cannot insulate the defendant from the lawful consequences of his tactical choice").

Likewise, the fact that Flores would have been required to give up his right to pursue his Motion to Suppress to accept the Government's plea offer does not create an inference that the Government was attempting to punish Flores for exercising his constitutional rights.  After all, Flores was not in a unique position when he was forced to decide whether to accept an early plea deal or pursue pretrial motions and risk the possibility that his window to obtain the best available plea offer would close.  Moreover, the Court notes that the Government's response to Flores's Motion to Suppress was due July 16, 2020, and Flores's deadline to accept or reject the plea offer was July 30, 2020.  (ECF No. 36, ECF No. 66-3 at 1.)  Unlike many criminal defendants, Flores was at least able to make an informed choice about his chances of prevailing on his Motion to Suppress *before* deciding whether to accept or reject the Government's plea offer.  This factor weighs heavily against a finding that the Government was intentionally punishing Flores for exercising his constitutional rights.

Unsubstantiated speculation aside, Flores fails to present any evidence that the Government obtained the superseding indictment based on an improper motive.  Here, there is no question that the elevated charge in the superseding indictment—namely, the addition of the 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) count—was supported by

the new Chemical Analysis Report that demonstrated that the drugs seized from Flores were approximately 12 grams of 98% pure methamphetamine.[5]  (ECF No. 78.)

The instant circumstances simply do not support Flores's argument that his case is distinguishable in any meaningful way from the pretrial circumstances in which other courts have declined to find a presumption of vindictiveness.  *Cf. Goodwin*, 457 U.S. at 381–84 (holding no presumption of vindictive prosecution applies when defendant rejects guilty plea to misdemeanor in order to go to trial and different prosecutor obtains felony indictment); *Bordenkircher*, 434 U.S. at 365 (finding prosecutor did not act vindictively by carrying out a threat to indict defendant on more serious charge if he declined plea offer); *Ray*, 899 F.3d at 860–61 (finding government did not engage in vindictive prosecution in pretrial setting when it filed superseding indictment that added two additional counts to original indictment after defendant declined plea offer); *Creighton*, 853 F.3d at 1165 (recognizing that "a prosecutor may threaten to charge a greater offense if a defendant will not plead guilty to a lesser one, as long as the prosecutor has probable cause to believe that the defendant committed the greater offense").

Because Flores has failed to show a realistic likelihood of vindictiveness that gives rise to a presumption of vindictiveness, the Motion is denied.[6]

---

[5] The Court declines to find any improper motive arising from the Government's decision to wait 14 months to submit the methamphetamine for full laboratory testing because that decision is explained by the practical realities of reserving limited laboratory resources for cases that are likely to go to trial.  (Tr. at 35.)  Likewise, the Court cannot—and will not—infer a nefarious motive from the fact that two AUSAs joined the case as it was ramping up for a possible trial.

[6] To the extent Flores argues that the COVID-19 pandemic has interfered with his rights

### III. CONCLUSION

For the reasons stated above, Flores's Motion to Dismiss (Vindictive Prosecution and Violation of Due Process), and Request for Evidentiary Hearing (ECF No. 66) is DENIED.

Dated this 13th day of April, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge

---

to effective assistance of counsel and due process (ECF No. 66 at 8), the Motion is denied for the same reasons as set forth in the Court's June 12, 2020 Order Denying Defendant's Motion to Dismiss and Motion for Notice of the Government's Intent to Use Evidence in its Case-In-Chief at Trial. (ECF No. 34.) Likewise, Flores's contention that he has been deprived of a speedy trial (ECF No. 66 at 8) will be addressed in a forthcoming order.