**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 19-cr-522-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOEL FLORES,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR DISCOVERY**

---

This matter is before the Court on Defendant Joel Flores's Motion for Discovery ("Motion"), filed on July 1, 2020.[1] (ECF No. 39.) The Government responded on July 16, 2020. (ECF No. 49.)

The Court presumes familiarity with the events underlying this action, which are recounted elsewhere, and the extensive history of this case. (*See, e.g.*, ECF No. 73.) For the reasons stated below, this Motion is denied.

---

[1] Flores filed the Motion in response to his original indictment. (ECF Nos. 1, 39.) After a superseding indictment was filed against Flores on August 5, 2020 (ECF No. 56), Flores filed a motion to renew his motion for discovery (ECF No. 63). On August 21, 2020, the Court granted Flores's motion to renew and indicated that it would deem Flores's Motion as applying to the Superseding Indictment, which is now the operative charging document in this case. (ECF No. 64.) Accordingly, in deciding the Motion, the Court is mindful that it is applying the law and facts within the context of Flores's superseding indictment.

# I.  ANALYSIS

## A.   Requests for Specific Discovery

In this Motion, Flores requests, pursuant to Federal Rules of Criminal Procedure 16(a)(1)(A), (B)(i) and (ii) and (E) and the Fifth and Sixth Amendments of the United States Constitution, that the Court direct the Government to provide ten categories of information.  (ECF No. 39 at 1–3.)  In response to the Motion, the Government addresses each category of information requested by Flores, noting whether the Government has the discovery in its possession, whether the evidence was produced, and whether it currently plans to use the evidence under Federal Rule of Evidence 404(b).  (ECF No. 49 at 3–5.)

Based on the Government's response, it appears that there are no discovery disputes which continue to underly this portion of the Motion.  Accordingly, this portion of the Motion is denied as moot.

## B.   Statements that the Government Intends to Use at Trial

Flores argues that the Government "must disclose all of [Flores's] relevant oral or recorded statements made to a known Government agent, before or after arrest, that it intends to use at trial." (ECF No. 39 at 7.)  He notes that there are gaps in some of the sound or video recordings and states that he "must be assured that all such statements in the possession, custody or control of the [G]overnment or, by the exercise of due diligence, can be determined to exist, are produced prior to trial."  (*Id.* at 8, 12.)  Moreover, he contends that despite his request, the Government has not "designated which of these statements it intends to introduce against him at trial" and states that "Defense counsel must assure [*sic*] that he and [Flores] have reviewed in their entirety

all statements that the [G]overnment intends to introduce at trial." (*Id.* at 9, 12.)

Rule 16(a)(1)(A) and (B) provides that the following categories of information are subject to disclosure:

> **(A) Defendant's Oral Statement.**  Upon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.
>
> **(B) Defendant's Written or Recorded Statement.**  Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:
>
> > (i) any relevant written or recorded statement by the defendant if:
> >
> > > • the statement is within the government's possession, custody, or control; and
> > >
> > > • the attorney for the government knows--or through due diligence could know--that the statement exists;
> >
> > (ii) the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent; and
> >
> > (iii) the defendant's recorded testimony before a grand jury relating to the charged offense.

Because the Government represents that Flores "has been provided all of [his] relevant oral or recorded statements made to known [G]overnment agents" (ECF No. 49 at 5), this portion of the Motion is moot.  To the extent Flores requests to know which of

3

those statements the Government plans to introduce at trial, the Government argues that "no trial is currently set and [it] objects to the request for a designation of trial exhibits at this time." (*Id.*)  Instead, it represents that it "will comply will all trial deadlines set by this Court relating to exhibit lists, witness lists and any other matters." (*Id.*)

Although Flores's desire to learn which *specific* statements the Government intends to introduce at trial is understandable, Rule 16 does not require the Government to identify the specific statements and exhibits that it plans to introduce at trial now, so long as the Government has disclosed any and all statements that it *may* use at trial. Flores has not cited any other legal authority imposing such a duty at this juncture, and the Court not aware of any such authority.

With respect to Flores's concern that the Government may introduce his recorded communications with counsel while Flores was detained at the Clear Creek County's Sheriff's Office, the Government clarifies that although it has received and produced recorded phone calls obtained while Flores was unrepresented and detained at Weld County Jail in April 2019, it does not have any recordings of communications between Flores and his counsel.  (ECF No. 49 at 4, 6 ("The government has not sought or obtained phone calls between the defendant and his attorney.  The government believes that would be improper.").)  Thus, there is no discovery dispute regarding Flores's communications with his counsel.

Accordingly, this portion of the Motion is denied.

**C.     Request for Physical Evidence**

Citing Rule 16(a)(1)(E), Flores argues that the Government must disclose physical evidence in its possession, custody or control that is material to Flores's

preparation of the defense, that was obtained from him, or that it intends to introduce in its case-in-chief. (ECF No. 39 at 9.) He contends that he "must be assured that all physical evidence that the [G]overnment intends to use in its case-in-chief be disclosed to [him] sufficiently in advance of trial so that he may effectively prepare his defense." (*Id.* at 9–10.) He further argues that he has "requested disclosure of any evidence in the [G]overnment's possession, custody, or control, or by the exercise of due diligence, can be discovered, relating to any injuries sustained by Flores before, during or after his arrest on December 12, 2019," which may qualify for disclosure under *Brady v. Maryland*, 373 U.S. 83 (1963). (*Id.* at 10.)

Under Rule 16(a)(1)(E),

> **(E) Documents and Objects.** Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> > (i) the item is material to preparing the defense;
> >
> > (ii) the government intends to use the item in its case-in-chief at trial; or
> >
> > (iii) the item was obtained from or belongs to the defendant.

The Government agrees that Flores is entitled to view the physical evidence recovered by law enforcement during the investigation and states that upon request, it will "take all reasonable steps to coordinate an evidence viewing with the law enforcement agencies who have custody of the physical exhibits." (ECF No. 49 at 5.)

The Government further represents that "[o]ther than what has already been provided to [Flores] in discovery, the [G]overnment does not have any information related to [Flores's] injuries" and "is not able to obtain [Flores's] medical records without a waiver from [Flores], which has not been provided." (*Id.* at 5–6.) Moreover, the Government states that it is "not presently aware of the existence of any *Brady* or *Giglio* information but is aware of its obligations under *Brady* and *Giglio* and will comply with those obligations." (*Id.* at 6.)

Thus, because there are no continuing discovery disputes, this portion of the Motion is denied as moot.

## II.   CONCLUSION

For the reasons stated above, Flores's Motion for Discovery (ECF No. 39) is DENIED, or DENIED AS MOOT, as set forth above.

Dated this 13th day of April, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge