**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Criminal Case No. 19-cr-522-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JOEL FLORES,

      Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FLORES'S MOTION TO DISMISS (VIOLATION OF RIGHT TO SPEEDY TRIAL AND DUE PROCESS) AND DENYING AS MOOT MOTIONS FOR SPEEDY TRIAL**

---

This matter is before the Court on Defendant Joel Flores's Motion to Dismiss (Violation of Right to Speedy Trial and Due Process) ("Motion to Dismiss"), filed on January 9, 2021. (ECF No. 122.) The Government responded on January 25, 2021 (ECF No. 125), and Flores replied on February 19, 2021 (ECF No. 127). The Court heard oral argument on the Motion to Dismiss on March 18, 2021.[1] (ECF No. 133.)

Also before the Court are Flores's Request for Speedy Trial and Motion to Set Trial Date (ECF No. 95) and Renewed Demand for Speedy Trial and Motion to Proceed with Trial (ECF No. 112), filed on November 21, 2020 and December 18, 2020, respectively.

---

[1] Because neither party has yet ordered the transcript of the March 18, 2021 oral argument, the Court will cite a draft version of the transcript prepared by the undersigned's court reporter as "Tr. __." Pagination may differ from a final version of the transcript, to the extent it is prepared.

For the reasons set forth below, the Motion to Dismiss is denied and the Motions for Speedy Trial are denied as moot.

## I. BACKGROUND

The Court presumes familiarity with the events underlying Flores's arrest, which are recounted elsewhere.  (*See, e.g.*, ECF No. 73.)  Below is a summary of the extensive procedural history of this action.

The Greeley Police Department arrested Flores on April 17, 2019 based on the facts underlying the indictment in this case, and he was charged in Weld County District Court.  (ECF No. 125 at 3.)  He posted bond on April 24, 2019 and was released from custody.  (*Id.*)  Thereafter, Flores was arrested on May 24, 2019 pursuant to a bench warrant after he failed to appear for a May 23, 2019 hearing.  (*Id.*)  Colorado prosecutors dismissed the state prosecution on July 30, 2019, and Flores was released from custody on the same day.  (*Id.*)

Thereafter, on December 6, 2019, the Government initiated the present action by obtaining a criminal complaint against Flores.  (ECF No. 1, Case No. 19-mj-273-STV, *United States v. Joel Flores*.)  He was arrested on December 12, 2019.  (ECF No. 3.)

On December 18, 2019, a grand jury indicted Flores on one count of possession of a firearm and/or ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1), one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).  (ECF No. 1.)  United States Magistrate Judge Kristen L. Mix ordered

that Flores be detained on December 20, 2019.  (ECF No. 15.)  On December 30, 2019, the Court set this action for a 4-day jury trial on February 18, 2020.  (ECF No. 14.)

On January 3, 2020, Flores filed Defendant's Motion to Exclude Time From the Speedy Trial Act, which requested "an order excluding as many days as are needed from the Speedy Trial computations to accommodate the setting of trial in this matter to on or after April 27, 2020."  (ECF No. 16 at 6.)  The Court granted that motion on January 8, 2020 and ordered that all days from January 8, 2020 to and including April 7, 2020 be excluded under the Speedy Trial Act, 18 U.S.C. §§ 3161–74 (the "Speedy Trial Act").  (ECF No. 17.)  The next day, the Court reset Flores's trial for June 1, 2020.  (ECF No. 18.)

On March 19, 2020, Flores's original counsel moved to withdraw.  (ECF No. 19.) The Court granted that counsel's request on March 20, 2020 and appointed new counsel.  (ECF Nos. 21, 22.)

After filing a second Motion for Extension of Time on April 23, 2020 (ECF No. 23), Flores filed the Amended Motion for Extension of Time and for Ends-[of-]Justice Continuance on April 27, 2020 (ECF No. 24), which requested that the Court enter an order excluding an additional 60 days under the Speedy Trial Act.  The Court granted that motion on April 28, 2020 and ordered that all days from April 28, 2020 to and including June 27, 2020 be excluded under the Speedy Trial Act.  (ECF No. 25.)  On the same day, the Court reset Flores's trial for August 3, 2020.  (ECF No. 26.)

On May 7, 2020, Flores filed the Motion to Dismiss (Violation of Fifth and Sixth Amendment Rights) Or, In the Alternative, To Order Pretrial Release to Home Detention, and Request for Evidentiary Hearing.  (ECF No. 27.)  Thereafter, on May 29,

3

2020, Flores filed the Motion for Notice of the Government's Intent to Use Evidence in its Case-in-Chief at Trial.  (ECF No. 29.)  The Court denied both motions on June 12, 2020.  (ECF No. 34.)

Three days later, on June 15, 2020, Flores filed the Motion to Suppress and Request for Evidentiary Hearing (the "Motion to Suppress").  (ECF No. 35.)  After receiving the Motion to Suppress, the Court vacated Flores's trial date and indicated that the trial would be reset upon resolution of the Motion to Suppress.  (ECF No. 36.)  The Government responded to the Motion to Suppress on July 15, 2020 (ECF No. 46), and Flores replied on July 30, 2020 (ECF No. 55).  The Court denied Flores's Motion to Suppress on September 8, 2020.  (ECF No. 73.)  Flores filed a motion for reconsideration of that order on September 9, 2020 (ECF No. 74), which the Court denied on the same day (ECF No. 75).

On July 1, 2020, Flores filed a Motion for Discovery.  (ECF No. 39.)  The Court denied that Motion on April 13, 2021.  (ECF No. 135.)

On July 10, 2020, Flores's current counsel moved to withdraw.  (ECF No. 41.)  United States Magistrate Judge Nina Y. Wang denied that motion on July 17, 2020.  (ECF No. 53.)

Thereafter, on August 5, 2020, the Government obtained a Superseding Indictment against Flores, charging him with one count of possession of a firearm and/or ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1), one count of possession with intent to distribute 5 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C.

4

§ 924(c)(1)(A)(i).  (ECF No. 56.)

On September 4, 2020, Flores filed the Motion to Dismiss (Vindictive Prosecution and Violation of Due Process) and Request for Evidentiary Hearing ("Motion to Dismiss (Vindictive Prosecution)"), which sought dismissal of the Superseding Indictment.  (ECF No. 66.)  The Government responded on September 24, 2020 (ECF No. 77), and Flores replied on September 28, 2020 (ECF No. 79).  After hearing oral argument on March 18, 2021 (ECF No. 133), the Court denied the Motion to Dismiss (Vindictive Prosecution) on April 13, 2021.  (ECF No. 134.)

On September 30, 2020, Flores's current counsel moved again to withdraw. (ECF No. 84.)  After holding a hearing on October 5, 2020 (ECF No. 87), Judge Wang again denied the request to withdraw (ECF No. 88).

On October 27, 2020, Flores filed a Renewed Motion to Suppress and Request for Evidentiary Hearing.  (ECF No. 89.)  The Court denied the motion on the same day on the basis that: (1) the motion was untimely, and Flores had not sought leave to file the motion out of the motions deadline, and (2) the motion pertained to arguments that Flores could have raised at the time he filed his original motion to suppress.  (ECF No. 92.)

On November 21, 2020, Flores filed the Request for Speedy Trial and Motion to Set Trial Date, in which Flores requested, for the first time, a speedy trial.  (ECF No. 95.)  However, just three days later, the Government filed the United States' Unopposed Motion for Exclusion of Time Under the Speedy Trial Act, which sought to exclude 60 days under the Speedy Trial Act.  (ECF No. 97.)  Notwithstanding his request for a speedy trial, Flores did not oppose the Government's request.  (*Id.* at 1.)  The Court

granted the Government's request on November 25, 2020 and ordered that all days from November 25, 2020 to and including January 24, 2021 be excluded under the Speedy Trial Act. (ECF No. 98.) The Court subsequently reset Flores's jury trial for January 19, 2021. (ECF No. 99.)

On December 4, 2020, Flores filed the Motion *in Limine*. (ECF No. 101.) The Government responded on December 14, 2020. (ECF No. 107.)

On December 16, 2020, Flores filed the Motion for Order to Provide Access for Consultation and Testing (ECF No. 109), which the Court denied as moot on January 7, 2021 (ECF No. 120).

That same day, the Chief Judge of the United States District Court for the District of Colorado entered General Order 2020-21, which continued all civil and criminal jury trials set to commence from December 16, 2020 through January 29, 2021. Notwithstanding the fact that the District of Colorado had suspended all jury trials through January 29, 2021, Flores filed a Renewed Demand for Speedy Trial and Motion to Proceed with Trial on December 18, 2020, which requested that his trial proceed on January 19, 2021. (ECF No. 112.)

On January 7, 2021, Flores filed the Motion to Dismiss (Violation of Right to Speedy Trial and Due Process). (ECF No. 119.) Two days later, Flores filed the Amended Motion to Dismiss (Violation of Right to Speedy Trial and Due Process), *i.e.*, the Motion to Dismiss that is currently before the Court. (ECF No. 122.) The Government responded to the Motion to Dismiss on January 25, 2021 (ECF No. 125), and Flores replied on February 19, 2021 (ECF No. 127). The Court heard oral argument on the Motion to Dismiss on March 18, 2021. (ECF No. 133.)

6

## II. MOTION TO DISMISS

In his Motion to Dismiss, Flores requests that the Court dismiss the Superseding

Indictment with prejudice on the basis that his rights have been violated under both the

Speedy Trial Act and the Sixth Amendment's speedy trial guarantee.

### A.    Speedy Trial Act

Criminal trials must "commence within seventy days from the filing date (and

making public) of the information or indictment, or from the date the defendant has

appeared before a judicial officer of the court in which such charge is pending,

whichever date last occurs."  18 U.S.C. § 3161(c)(1).  "If a defendant is not brought to

trial within [seventy days, after accounting for tolling], the information or indictment shall

be dismissed on motion of the defendant."  *Id.* § 3162(a)(2).  "[T]he district court retains

broad discretion whether to dismiss the indictment with or without prejudice."  *United*

*States v. Abdush–Shakur*, 465 F.3d 458, 462 (10th Cir. 2006).

1.    Whether the Speedy Trial Act's Clock Began Running Upon Flores's
      Arrest on State Charges

Under 18 U.S.C. § 3161(b),

> Any information or indictment charging an individual with the
> commission of an offense shall be filed within thirty days
> from the date on which such individual was arrested or
> served with a summons in connection with such charges.  If
> an individual has been charged with a felony in a district in
> which no grand jury has been in session during such thirty-
> day period, the period of time for filing of the indictment shall
> be extended an additional thirty days.

Flores argues that his speedy trial clock began running upon his arrest on state charges

on April 17, 2019, and that the Government failed to return the federal indictment within

thirty days of his arrest as required by 18 U.S.C. § 3161(b).  (ECF No. 122 at 8–9; Tr. at

58.)

However, in *United States v. Allen*, the Tenth Circuit held that "a defendant's Sixth Amendment rights [to a speedy trial] are not triggered by prior state arrest or indictment."  986 F.2d 1354, 1356 (10th Cir. 1993).  The Tenth Circuit further recognized the "undisputed rule that a *state* arrest does not trigger the Speedy Trial Act's clock, even if the arrest is for conduct that is the basis of a subsequent indictment for a federal offense."  *Id.* (emphasis in original) (quoting *United States v. Mills*, 964 F.2d 1186, 1189–90 (D.C. Cir. 1992)).  The Tenth Circuit reaffirmed this holding in 2017, recognizing that the "general rule is that '[a]n individual is 'arrested' under the Speedy Trial Act only when he is taken into custody after a federal arrest for the purpose of responding to a federal charge.'"  *United States v. Asfour*, 717 F. App'x 822, 825 (10th Cir. 2017) (quoting *United States v. De La Pena-Juarez*, 214 F.3d 594, 597 n.6 (5th Cir. 2000)).

Thus, the Court finds that the 30-day window under § 3161(b) for the Government to obtain an indictment began running from the date that Flores was arrested on federal charges, *i.e.*, December 12, 2019.  (ECF No. 3.)  Because Flores was indicted just six days later, on December 18, 2019 (ECF No. 1), the Court finds Flores's arguments under § 3161(b) unavailing.

2.    Speedy Trial Calculation

Flores was indicted on December 18, 2019.  (ECF No. 1.)  Thus, 485 calendar days elapsed between the date of Flores's original indictment and today.[2]  At least 416

---

[2] For counting purposes, the day on which the Speedy Trial clock begins to run is day zero.  *See* Fed. R. Crim. P. 45(a)(1); *see also United States v. Margheim*, 770 F.3d 1312, 1317,

of those days must be tolled or Flores's statutory right to a speedy trial has been violated.

Several "enumerated events" are excluded from the Speedy Trial Act's prescribed 70-day period, thus tolling the speedy trial clock.  *Bloate v. United States*, 559 U.S. 196, 199 (2010).  Tolling took place in this case under three circumstances authorized by the Act:

- "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," 18 U.S.C. § 3161(h)(1)(D);[3]

- "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court," *id.* § 3161(h)(1)(H); and

- "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such

1319, 1321 (10th Cir. 2014) (calculating 356 days between May 24, 2011 and May 15, 2012).

Moreover, the fact that the Government subsequently obtained a superseding indictment against Flores does not affect when the speedy trial clock began.  *United States v. Mora*, 135 F.3d 1351, 1355 (10th Cir. 1998) (recognizing that a superseding indictment does not restart the speedy trial clock).

[3] Unlike the counting method described in n.2, above, and unlike the typical practice in federal civil and criminal litigation, this exception counts the day the motion was filed as day one, not day zero.  *See United States v. Williams*, 511 F.3d 1044, 1051 n.5 (10th Cir. 2007) ("We . . . assume in our calculations that the excludable period 'from the filing of the motion through the conclusion . . . of such motion' includes both the date of resolution of any pretrial motion *and* the date of filing." (emphasis in original)).  In other words, a motion that falls under subparagraph (D) will toll the Speedy Trial clock for at least one day, even if resolved the same day.

continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," *id.* § 3161(h)(7)(A), commonly known as an "ends-of-justice continuance" or "EOJ continuance."

The chart below shows the primary events that tolled time under the Speedy Trial Act, and the number of days that they tolled.[4]

| STATUTORY TOLLING PROVISION | TOLLING EVENT | NUMBER OF DAYS TOLLED |
|---|---|---|
| 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(7)(A) | **January 3, 2020**: Flores filed the Motion to Exclude Time from the Speedy Trial Act, requesting an order "excluding as many days as are needed from the Speedy Trial computations to accommodate the setting of trial in this matter to on or after April 27, 2020." (ECF No. 16.)<br><br>**January 8, 2020**: The Court granted the motion and ordered that all days from January 8, 2020 to and including April 7, 2020 be excluded under the Speedy Trial Act. (ECF No. 17.) | 96 |

---

[4] To the extent multiple events tolled time under the Speedy Trial Act, the Court only lists one tolling event for the relevant period. For example, because Flores's second ends of justice motion was tolling all time from April 28, 2020 to June 27, 2020, the Court need not analyze the Speedy Trial clock impact from Flores's May 7, 2020 filing of the Motion to Dismiss (Violations of Fifth and Sixth Amendment Rights) Or, In the Alternative, To Order Pretrial Release to Home Detention, and Request for Evidentiary Hearing. (ECF No. 27.)

Likewise, the Court further notes that the undersigned granted the Government's Unopposed Motion for Exclusion of Time under the Speedy Trial Act and excluded 60 days under the Speedy Trial Act. (ECF No. 98.) This EOJ continuance does not affect the calculation under the Speedy Trial Act because the Motion to Dismiss (Vindictive Prosecution) excluded time for the same period.

| STATUTORY TOLLING PROVISION | TOLLING EVENT | NUMBER OF DAYS TOLLED |
|---|---|---|
| 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(7)(A) | **April 23, 2020**: Flores filed the Motion for Extension of Time, requesting an order excluding 30 days under the Speedy Trial Act. (ECF No. 23.)<br><br>**April 24, 2020**: Flores filed the Amended Motion for Extension of Time and for Ends-Justice Continuance, requesting an order excluding 60 days under the Speedy Trial Act.  (ECF No. 24.)<br><br>**April 28, 2020**: The Court granted the amended motion and ordered that all days from April 28, 2020 to and including June 27, 2020 be excluded under the Speedy Trial Act.  (ECF No. 25.) | 66 |
| 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(1)(H) | **June 15, 2020**: Flores filed the Motion to Suppress.  (ECF No. 35.)<br><br>**July 30, 2020**: Flores's Motion to Suppress was taken under advisement after Flores filed his reply in further support of that motion.  (ECF No. 55.)<br><br>**September 8, 2020**: The Court denied Flores's Motion to Suppress.  (ECF No. 73.) | 63[5] |

[5] The Court assumes, for purposes of this Order only, that the Speedy Trial Act tolled the Speedy Trial clock for only 30 days after Flores filed his reply in further support of his Motion to Suppress notwithstanding the undersigned's belief that the Motion to Suppress received a prompt disposition.  *Compare* 18 U.S.C. § 3161(h)(1)(H) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court") *with* 18 U.S.C. § 3161(h)(1)(D) (excluding "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion").  In other words, the Court assumes that the Motion to Suppress only tolled time from the end of the second EOJ motion to and including August 29, 2020, even though the Court did not issue the Order Denying Defendant's Motion to Suppress until September 8, 2020.  (ECF No. 73.)

| STATUTORY TOLLING PROVISION | TOLLING EVENT | NUMBER OF DAYS TOLLED |
|---|---|---|
| 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(1)(H) | **September 4, 2020**: Flores filed his Motion to Dismiss (Vindictive Prosecution).  (ECF No. 66.)<br><br>**March 18, 2021**: The Motion to Dismiss (Vindictive Prosecution) was taken under advisement following the March 18, 2021 oral argument on that motion.  (ECF No. 133.)<br><br>**April 13, 2021**: The Court issued an Order denying the Motion to Dismiss (Vindictive Prosecution).  (ECF No. 134) | 222[6] |
| 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(1)(H) | **January 9, 2021**:  Flores filed the instant Motion to Dismiss.  (ECF No. 122.)<br><br>**March 18, 2021**: The Motion to Dismiss was taken under advisement following the March 18, 2021 oral argument on that motion.  (ECF No. 133.)<br><br>**April 16, 2021**:  The Court issues this Order. | 3[7] |

Because tolling amounted to 450 days to date, Flores's rights to have a speedy

trial under the Speedy Trial Act have not been violated.

**B.    Speedy Trial Under the Sixth Amendment**

The Sixth Amendment states that, "[i]n all criminal prosecutions, the accused

---

[6] Because the Court issued the Order denying Flores's Motion to Dismiss (Vindictive Prosecution) within 30 days after the motion was taken under advisement, the undersigned's calculations assume that, pursuant to § 3161(h)(1)(H), the Motion to Dismiss (Vindictive Prosecution) tolled all time from its filing to its resolution.

[7] Much of the time tolled by Flores's filing of the instant Motion to Dismiss was already being tolled by Flores's Motion to Dismiss (Vindictive Prosecution).  As such, the Court

shall enjoy the right to a speedy and public trial." The remedy for violating this right is dismissal of the indictment. *United States v. Seltzer*, 595 F.3d 1170, 1175 (10th Cir. 2010). "[I]t is the prosecution's burden (and ultimately the court's) and not the defendant's responsibility to assure that cases are brought to trial in a timely manner." *Id.* at 1175–76.

In *Barker v. Wingo*, 407 U.S. 514 (1972), the Supreme Court enumerated four factors to consider in the Sixth Amendment speedy trial analysis: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant. 407 U.S. at 530. "[T]hese factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process." *Id.* at 533. But the Court need not go further than the first factor if the delay was not "presumptively prejudicial." *Doggett v. United States*, 505 U.S. 647, 651–52 (1992) ("Simply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay . . . ." (internal quotation marks omitted)); *United States v. Yehling*, 456 F.3d 1236, 1243 (10th Cir. 2006) ("The remaining factors are examined only if the delay is long enough to be presumptively prejudicial.").

The Tenth Circuit has stated that "delays approaching one year are presumptively prejudicial," *United States v. Larson*, 627 F.3d 1198, 1208 (10th Cir. 2010), but also that eleven months is *not* presumptively prejudicial, *Abdush-Shakur*, 465 F.3d at 465 ("[T]he parties disagree as to whether the relevant period of delay under consideration was eleven or fourteen months. The latter delay, but not the former,

concludes that the instant Motion to Dismiss only tolls three days additional days of time.

might qualify as presumptively prejudicial.").  The Tenth Circuit has also characterized "a year" as the "bare minimum" of presumptive prejudice.  *Margheim*, 770 F.3d at 1326.

### 1.    Length of the Delay

Delay is measured from "when the defendant is arrested or indicted, whichever comes first."  *Jackson v. Ray*, 390 F.3d 1254, 1261 (10th Cir. 2004).  Flores was arrested on his federal charges on December 12, 2019.  (ECF No. 3.)  16 months have passed since that time.  The delay is therefore presumptively prejudicial and the Court must go on to examine the remaining three factors.

### 2.    Reason for the Delay

The second *Barker* factor—the reason for delay—is "[t]he flag all litigants seek to capture."  *Margheim*, 770 F.3d at 1326 (quoting *United States v. Loud Hawk,* 474 U.S. 302, 315 (1986)).  In evaluating this factor, the Court "must assess the reasons offered by the government for not bringing the defendant to trial in a timely fashion."  *Id.*

"The reason for a delay weighs against the government in proportion to the degree to which the government caused the delay. . . .  [C]ontinuances and other motions filed by the defendant do not weigh against the government."  *United States v. Batie*, 433 F.3d 1287, 1291 (10th Cir. 2006); *United States v. Banks*, 761 F.3d 1163, 1183 (10th Cir. 2014) (finding the defendants caused the delay where they filed "multiple continuances with the district court and argued that they would be prejudiced if the court refused to grant them").  "Purposeful delay or delay to gain advantage weighs heavily against the government, while '[a] more neutral reason such as negligence or overcrowded courts [is] weighted less heavily.'"  *United States v. Gould*, 672 F.3d 930, 937 (10th Cir. 2012) (alterations in original) (quoting *Barker*, 407 U.S. at 531).

14

Here, the Court concludes that almost the entire period of delay is attributable to Flores's actions. As stated above, Flores filed two EOJ continuances, which sought delays of approximately 5 months.[8] (ECF Nos. 16, 24.) Flores also incessantly filed substantive motions that delayed his trial date. (*See, e.g.*, ECF No. 27 (Motion to Dismiss or Release to Home Confinement), ECF No. 29 (Motion for Notice of the Government's Intent to use Evidence in its Case-in-Chief at Trial), ECF No. 35 (Motion to Suppress), ECF No. 39 (Motion for Discovery), ECF No. 66 (Motion to Dismiss (Vindictive Prosecution)), ECF No. 74 (Motion for Reconsideration), ECF No. 89 (Renewed Motion to Suppress and Request for Evidentiary Hearing), ECF No. 101 (Motion *in Limine*), ECF No. 109 (Motion for Order to Provide Access to Consultation and Testing), ECF No. 122 (Motion to Dismiss).)

Although Flores contends that the "trial court has expended an unreasonable time ruling upon Defendant's pretrial motions," he does not take responsibility for the fact that *his* motions are the principal cause of the delay in this action.[9] *Cf. United States v. Hicks*, 779 F.3d 1163, 1168 (10th Cir. 2015) (recognizing defendant was the "primary cause of the delay" where, among other things, he filed more than forty unique motions and changed counsel multiple times during the course of the proceeding).

---

[8] In his Motion, Flores contends that the Court improperly permitted Flores's prior counsel to withdraw "without a finding of good cause," which forced Flores to file the second EOJ continuance and thereby delayed his right to a speedy trial. (ECF No. 127 at 3–5.) As an initial matter, Flores's assertion that the Court did not find good cause for the requested withdrawal is contradicted by the record. (*See* ECF No. 21 at 1.) Moreover, the Court is unpersuaded by any argument that Flores and his counsel are not responsible for delays resulting from their tactical decision to seek a second EOJ continuance.

[9] To the extent the periods of time during which the Court evaluated Flores's motions weigh against the Government at all, it weighs only "lightly" against the Government because any delays in deciding Flores's numerous motions resulted from overcrowded court dockets, not

By contrast, the Government sought only one 60-day EOJ continuance, which Flores chose not to oppose.  (ECF No. 97.)  As explained above, this EOJ continuance was sought when time was already being tolled as a result of Flores's Motion to Dismiss (Vindictive Prosecution).  Thus, this continuance weighs lightly against the Government. *See United States v. Gomez,* 67 F.3d 1515, 1522 (10th Cir. 1995) (delay resulting from two continuances requested by the government and consented to by the defendant and from one continuance ordered *sua sponte* by the court weighed lightly against the government where there was no evidence of government misconduct).

In this light, the Court finds that Flores was the primary cause of the delay, and thus this *Barker* factor weighs against him.

3.     Assertion of Desire for Speedy Trial

With regard to the third *Barker* factor—a defendant's assertion of his speedy trial right—the Tenth Circuit has recognized the following:

> Perhaps most important is whether the defendant has actively asserted his right to a speedy trial.  This is not satisfied merely by moving to dismiss after the delay has already occurred.  Such a motion could be, indeed may well be, strategic.  The question, instead, is whether the defendant's behavior during the course of litigation evinces a desire to go to trial with dispatch.

*Batie*, 433 F.3d at 1291; *Barker*, 407 U.S. at 536 ("[B]arring extraordinary circumstances, we would be reluctant indeed to rule that a defendant was denied this constitutional right on a record that strongly indicates, as does this one, that the defendant did not want a speedy trial.").

The Tenth Circuit has repeatedly held that the third *Barker* factor weighs against

a purposeful delay to prejudice Flores.  *Batie*, 433 F.3d at 1291.

16

a defendant when the defendant's conduct undermines his assertion for a speedy trial. *See Batie*, 433 F.3d at 1293 ("Absent extraordinary circumstances, *Barker* counsels us not to find a violation of the right to a speedy trial when the defendant's actions indicate he had no desire for a speedy trial."); *United States v. Tranakos*, 911 F.2d 1422, 1429 (10th Cir. 1990) ("We are unimpressed by a defendant who moves for dismissal on speedy trial grounds when his other conduct indicates a contrary desire.").

Flores concedes that his first assertion of his right to a speedy trial came on November 21, 2020, more than 11 months after his arrest.  (ECF No. 95; Tr. at 54.) Shortly thereafter, he made a second request for a speedy trial beginning on January 19, 2021 *after* the District of Colorado issued a General Order that continued all criminal trials through January 29, 2021 in response to the increased risk from the COVID-19 pandemic at the time.[10]  (ECF No. 112.)

However, notwithstanding Flores's belated requests for a speedy trial, the Court cannot conclude that his conduct over the past 16 months evinces a desire to actually have a speedy trial.  In particular, the Court finds that Flores's two explicit assertions of the right to a speedy trial cannot entirely nullify the significance of delays that Flores both requested and caused earlier in the action through his own incessant filing of substantive motions and requests for two EOJ continuances.  *See Larson*, 627 F.3d at 1208 (*Barker* factor relating to defendant's assertion of his speedy trial right "weighs against a defendant who requests continuances and waits for months to assert his

---

[10] Flores's filing of this Motion to Dismiss does not count as a third assertion of his right to a speedy trial.  *See Batie*, 433 F.3d at 1291 ("[Assertion of the speedy trial right] is not satisfied merely by moving to dismiss after the delay has already occurred.").

speedy trial right"); *Abdush-Shakur,* 465 F.3d at 465 ("We find little merit in defendant's assertion of his Sixth Amendment right . . . when the defendant has sat on his hands for seven months and requested several continuances of his own.").

Moreover, just three days after asserting his desire for a speedy trial for the first time, Flores chose not to oppose the Government's request to exclude 60 days under the Speedy Trial Act.  (ECF No. 97.)  Thus, Flores's actual conduct and tactical litigation decisions contradict his bare assertion of his desire to the speedy trial.

This factor therefore does not favor Flores.

4.    Prejudice

Flores bears the burden of showing that he was prejudiced by the delay of his trial.  *Larson*, 627 F.3d at 1208–09.  Failure to show prejudice caused by the delay is "nearly fatal to a speedy trial claim."  *Gould*, 672 F.3d at 939.  In particular, the Court must "assess prejudice in light of the interests that the speedy trial right was designed to protect," namely, "(i) the prevention of oppressive pretrial incarceration; (ii) the minimization of anxiety and concern of the accused; and (iii) minimization of the possibility that the defense will be impaired."  *Seltzer*, 595 F.3d 1170, 1179 (10th Cir. 2010).  The third factor is "the most serious," followed by the first and then the second. *Id.* at 1179–80.

To be sure, Flores has been subjected to some difficult conditions of pretrial incarceration, and anxiety and concern as a result of the delay in his trial date.  He has been detained during the COVID-19 pandemic, has been subjected to lockdowns and other restrictive conditions of confinement, and has had reportedly had difficulties

communicating with counsel while incarcerated.[11]  (Tr. at 61.)

However, apart from his incarceration during the COVID-19 pandemic and difficulties communicating his with his counsel, Flores does not demonstrate that the delays have materially impacted his defense.  For example, he does not argue that witnesses have disappeared, that evidence has deteriorated, or that memories have faded.  *Cf. Castro v. Ward*, 138 F.3d 810, 820 (10th Cir.1998) (concluding no prejudice existed where "despite [petitioner's] general allegation that the passage of time made it more difficult for him to present a defense[,] . . . [h]e has not claimed that any specific witness or evidence was somehow rendered unavailable or less persuasive because of the passage of time").

Thus, while the Court finds that Flores has demonstrated some prejudice resulting from his delayed trial, it is unable to conclude that the delays have hindered Flores's defense.

* * * *

Taking the four factors together—length of the delay, reason for the delay, assertion of speedy trial rights, and prejudice—the Court finds as follows.

The factors deserving the most weight are the delay beyond the one-year presumptive threshold, and the recognition that Flores bears overwhelming responsibility for most of the delay during the first year.  Flores minimally—and in a purely *pro forma* manner—asserted his speedy trial rights in November 2020, but this

---

[11] As set forth in the Court's Order Denying Defendant's Motion to Dismiss and Motion for Notice of the Government's Intent to Use Evidence in its Case-In-Chief at Trial, the Court rejected Flores's argument that the temporary infringement of Flores's ability to communicate with his counsel in person while incarcerated during the COVID-19 pandemic amounts to an

assertion does not outweigh the foregoing considerations.  Notwithstanding the fact that he has been detained during the COVID-19 pandemic, the Court is unable to find that Flores has suffered any specific prejudice in terms of impairment of his defense.  Even considering the COVID-19 pandemic and resulting restrictions within his detention facility as prejudice, it still would not tip the scales sufficiently in his favor to justify the "drastic remedy" of dismissing the indictment.  *Batie*, 433 F.3d at 1293.  In sum, no violation of the Sixth Amendment speedy trial guarantee occurred.

### III. MOTIONS FOR SPEEDY TRIAL

As discussed extensively above, Flores has requested, and is receiving, a speedy trial.  The Court will enter a separate Order resetting the trial date, the Final Trial Preparation Conference and related deadlines.  As such, Flores's Request for Speedy Trial and Motion to Set Trial Date and Renewed Demand for Speedy Trial and Motion to Proceed with Trial are denied as moot.

### IV. CONCLUSION

For the reasons stated above, the Court ORDERS as follows:

1. Flores's Amended Motion to Dismiss (Violation of Right to Speedy Trial and Due Process) (ECF No. 122) is DENIED;

2. Flores's Request for Speedy Trial and Motion to Set Trial Date (ECF No. 95) is DENIED as MOOT;

3. Flores's Renewed Demand for Speedy Trial and Motion to Proceed with Trial (ECF No. 112) is DENIED as MOOT; and

---

unjustifiable burden on his Fifth and Sixth Amendment rights.  (ECF No. 34 at 5.)

4.      The Court will enter a separate Order resetting the trial date and the Final Trial

Preparation Conference.


Dated this 16th day of April, 2021.

BY THE COURT:


William J. Martinez
United States District Judge