IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 19-cr-522-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOEL FLORES,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION *IN LIMINE***

---

This matter is before the Court on Defendant Joel Flores's Motion *in Limine* ("Motion"), filed on May 6, 2021. (ECF No. 155.) The Government responded on May 14, 2021. (ECF No. 160.)

The Court presumes familiarity with the facts of the case, as well as the Court's prior orders. For the reasons set forth below, the Motion is granted in part and denied in part.

## I. LEGAL STANDARDS

"The admission or exclusion of evidence lies within the sound discretion of the trial court . . . ." *Robinson v. Mo. Pac. R.R. Co.*, 16 F.3d 1083, 1086 (10th Cir. 1994); *see also United States v. Golden*, 671 F.2d 369, 371 (10th Cir. 1982) ("Trial judges have discretion to decide whether an adequate foundation has been laid for the admission of evidence.").

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would without the evidence; and (b) the fact is of consequence in determining the action." Relevant evidence is generally admissible and should only be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

## II. ANALYSIS

In the Motion, Flores requests that the Court preclude: (1) all evidence of other crimes, wrongs or bad acts other than those directly related to the charges in the Superseding Indictment under Federal Rule of Evidence 404(b); and (2) any jailhouse phone conversations between Flores and his friends and family members. (ECF No. 155 at 1.) Flores also requests that he be "permitted to wear street clothes during the course of the trial by jury, and not be restrained by handcuffs or body restraints in the presence of the jury." (*Id.*)

### A.  Rule 404(b) Evidence

Rule 404(b)(1) states that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Rule 404(b)(2) clarifies, however, that "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

Flores requests that the Court exclude "any and all evidence to be proffered by

2

the United States relating to other crimes, wrongs or bad acts other than those directly related to the charges alleged in Counts 1, 2, and 3 of the Superseding Indictment," which "includes, but is not limited to, other alleged drug-trafficking activities, drive-by shootings, robberies, associations with unsavory persons including gang affiliations, and other unrelated bad acts." (ECF No. 155 at 1.) According to Flores, the evidence bears no relevance to the charges in the Superseding Indictment, and its probative value is substantially outweighed by, among other things, danger of unfair prejudice. (*Id.* at 3–10.)

In response, the Government represents that it "has consulted with the defense and has agreed that it will not seek to introduce evidence under Federal Rule of Evidence 404(b), relating to the topics addressed in his motion," including "evidence of the defendant's gang membership, his knowledge and involvement in drive by shootings, and evidence of his involvement in prior instances of narcotics distribution." (ECF No. 160 at 1–2.)

The Court will hold the Government to its representation that it will not introduce evidence under Rule 404(b) at trial. Accordingly, because there is no continuing dispute regarding the admissibility of evidence under Rule 404(b), this portion of the Motion is denied as moot.

**B.    Jailhouse Recordings**

Flores requests "any recordings of jailhouse phone conversations between the Defendant and his friends and family members be excluded from use as evidence against him." (ECF No. 155 at 1.) Notwithstanding this request, Flores does not identify any argument or evidentiary rule that would preclude the admission into evidence of any

3

audio recording or written transcript of telephone conversations in which the Defendant participated from a detention facility.

The Government responds that Defendant "provides no basis for the Court to exclude the jail calls, and his request should be denied." (ECF No. 160 at 2.) According to the Government, "exclusion of evidence under Rule 403 is an extraordinary remedy and should be used sparingly and evidence is not considered unfairly prejudicial under Rule 403 merely because it damages a defendant's case." (*Id.*)

As the movant, Flores "has the burden of demonstrating that the evidence is inadmissible on any relevant ground," and courts "may deny a motion *in limine* when it lacks the necessary specificity with respect to the evidence to be excluded." *Pinon Sun Condo. Ass'n, Inc. v. Atain Specialty Ins. Co.*, 2020 WL 1452166, at *3 (D. Colo. Mar. 25, 2020); *United States v. Begay*, 497 F. Supp. 3d 1025, 1082 (D.N.M. 2020) (same).

The parties have not given the Court any information regarding the content of the jailhouse calls, the call participants, or their relevance to the Government's case. Without knowing additional details about the calls and the reasons for which the United States plans to introduce them, the Court cannot balance the calls' probative value against their prejudicial effect. Accordingly, Flores's request to preclude evidence regarding the jailhouse calls is denied, without prejudice to it being renewed in the form of an appropriate objection at trial.

**C.     Flores's Appearance At Trial**

Flores request that "he be permitted to wear street clothes during the course of the trial by jury, and not be restrained by handcuffs or body restraints in the presence of

the jury." (ECF No. 155 at 1.) The Government has no objection to: (1) Flores being allowed to wear street clothes during the trial; or (2) Flores being allowed to have his restraints removed during trial, provided that at the time, there are no exceptional circumstances that would justify their use. (ECF No. 160 at 3.)

The Court recognizes that forcing Flores to appear for trial in prison attire presents an unacceptable risk of prejudice. As the Supreme Court has ruled in *Estelle v. Williams*,

> [c]ourts have, with few exceptions, determined that an accused should not be compelled to go to trial in prison or jail clothing because of the possible impairment of the presumption so basic to the adversary system. This is a recognition that the constant reminder of the accused's condition implicit in such distinctive, identifiable attire may affect a juror's judgment. The defendant's clothing is so likely to be a continuing influence throughout the trial that, not unlike placing a jury in the custody of deputy sheriffs who were also witnesses for the prosecution, an unacceptable risk is presented of impermissible factors coming into play.

425 U.S. 501, 504 (1976) (internal citations omitted).

The United States Marshals Service has further informed the Court that it does not anticipate a need to restrain Flores during trial.

Accordingly, this portion of the Motion is granted. Flores will be permitted to wear clothing provided by his counsel and/or family during trial, and he will not be restrained by handcuffs or body restraints in the presence of the jury.

### III. CONCLUSION

For the reasons stated above, the Court ORDERS as follows:

1. Defendant's Motion *in Limine* (ECF No. 155) is GRANTED IN PART and DENIED IN PART as set forth herein; and

5

2. During the trial, Flores may wear attire provided by his counsel and/or his family. The United States Marshals Service may search this attire before Flores is permitted to change into it.

Dated this 25th day of May, 2021.

BY THE COURT:

William J. Martinez
United States District Judge