IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 25-cv-0179-WJM
Criminal Case No. 19-cr-522-WJM-1

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

**1. JOEL FLORES,**

    Defendant/Movant.

## ORDER SETTING EVIDENTIARY HEARING ON HABEAS MOTION

Before the Court is Defendant-Movant Joel Flores's amended *pro se* 28 U.S.C. § 2255 motion. (ECF Nos. 291, 295.) Flores is currently serving a ten-year prison sentence for the following convictions: (1) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), (2) possessing with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), and (3) possessing a firearm in furtherance of a drug trafficking crime in violation of § 924(c)(1)(A)(i). (ECF Nos. 1, 56.)

Flores contends, among other things, that his defense counsel, Daniel Sears, rendered ineffective assistance of counsel by failing to inform him of the Plaintiff-Respondent Government's plea offers. Specifically, Flores argues that the Government offered him plea deals under which he would have pleaded guilty to Count 3 and served the five-year mandatory minimum under § 924(c) in exchange for dismissal of the other two Counts. (ECF No. 66 at 4.) Had he known about these offers, Flores submits, he

1

would have accepted them, especially since he was ultimately sentenced to double (ten) the years in prison. (ECF No. 295.)

"The failure to inform a defendant of a favorable plea agreement (deficient performance) is a viable ineffective assistance of counsel claim when a defendant can prove that but for counsel's deficient performance, he would have accepted the plea (prejudice)." *United States v. Castro*, 365 F. App'x 966, 967–68 (10th Cir. 2010) (citing *Williams v. Jones*, 571 F.3d 1086, 1090 n.3 & 4 (10th Cir. 2009)). A defendant alleging that their defense counsel failed to inform them of a favorable plea offer "must show not only a reasonable probability that he would have accepted the lapsed [or rejected] plea but also a reasonable probability that the prosecution would have adhered to the agreement and that it would have been accepted by the trial court." *Missouri v. Frye*, 566 U.S. 134, 150 (2012).

The record here does not conclusively demonstrate whether (1) Sears failed to convey a favorable plea offer to Flores or (2) there is a reasonable probability that, had Sears conveyed such an offer, "the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Id.* at 147; *Cf. Glover v. United States*, 531 U.S. 198, 203 (2001) ("[A]ny amount of [additional] jail time has Sixth Amendment significance"). Indeed, Flores argues that Sears "deviated from the normal practice and on July 31, 2020, rejected the Government's second plea offer *without consulting Flores prior*." (*Id.* (emphasis added).)

To be sure, the Court acknowledges that Flores also at times suggests that Sears may have conveyed these offers to him but that they were not communicated

2

"private[ly]" or "comprehensively."  (ECF No. 295 at 10.)  The Court further recognizes that Flores attended a July 16, 2020 video teleconference hearing on one of Attorney Sears's motions to withdraw before then-United States Magistrate Judge Nina Y. Wang, during which Sears disclosed that he had been "involved in extensive plea negotiations" with the Government.  (ECF No. 65 at 8.)  Sears specified that the parties had exchanged multiple plea offers, one of which Flores had "until the end of the month" to accept.  (*Id.*)  At the beginning of the hearing, Sears represented that he had "discussed this[1] fully with Mr. Flores leading up to the proceeding."  (*Id.* at 3–4.)  Notably, Flores confirmed *that he could hear both Judge Wang and Sears* at the beginning of the hearing.  (*Id.* at 3.)

But Sears also made clear at the hearing that the Clear Creek County Jail, where Flores was detained pretrial, did not allow them to confer privately as a result of certain COVID-19 precautions it had in place in the summer of 2020.  This lack of privacy raises questions in the Court's mind whether Sears withheld certain information from Flores, including the Government's plea offers.  And while Sears mentioned the "extensive plea negotiations" he had with the U.S. Attorneys assigned to this case, he (understandably) did not "involve the Court in any plea negotiations."  (*Id.* at 8.)  The record therefore does not conclusively demonstrate whether Flores knew anything about the terms of these plea negotiations before the offer was ultimately rejected.[2]

---

[1] By "this," the Court understands Sears to have referred to the matters and "factors at work" with respect to the motion to withdraw.  (ECF No. 65 at 3–4.)  It is not clear to the Court whether this included the pending plea offer and its terms.

[2] The Court acknowledges that the Government stated as follows in their response to Flores's motion to dismiss for vindictive prosecution: "On July 31, 2020, counsel for the defendant responded by stating, 'my client has no interest in accepting your offer.'"  (ECF No. 77 at 4.)  But this does not definitively resolve whether Flores made this decision himself or whether Sears

3

In such circumstances, the Court is dutybound to hold an evidentiary hearing on these matters. *See* 28 U.S.C. § 2255(b) (requiring an evidentiary hearing on a § 2255 motion "[u]nless the motion and files and records of the case *conclusively show* that the prisoner is entitled to no relief") (emphasis added); *see also United States v. Cooper*, 2013 WL 3895266, at *5 (D. Kan. July 29, 2013) (setting evidentiary hearing on similar issue).

In sum, the Court Orders as follows:

1. This matter is HEREBY SET for an evidentiary hearing on **September 5, 2025 at 9:00 a.m. in Courtroom A801**;

2. The Court shall receive evidence and hear argument on whether (1) Sears failed to convey a favorable plea offer to Flores and (2) there is a reasonable probability that, had Sears conveyed such an offer, "the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Frye*, 566 U.S. at 147. The Court will not receive evidence or hear argument on any other contention raised in Flores's habeas petition; and

3. Pursuant to Rule 8(c) of the *Rules Governing Section 2255 Proceedings for the United States District Courts*, Counsel from the CJA Panel shall be appointed to represent Movant in this matter.

---

made that decision on his behalf after being unable to discuss it with Flores (for one reason or another). The Government did not provide a record cite for the statement, so the Court does not have the surrounding context behind it. A hearing is therefore necessary to clear up this and other issues.

Dated this 11th day of August, 2025.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge