IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 25-cv-00179-WJM
Criminal Action No. 19-cr-00522-WJM-1

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

**1. JOEL FLORES,**

    Defendant/Movant.

**ORDER DENYING HABEAS PETITION**

Before the Court is Defendant-Movant Joel Flores's amended *pro se* 28 U.S.C. § 2225 motion ("Motion"). (ECF Nos. 291, 295.) The Motion is fully briefed. (ECF Nos. 304, 305.) For the following reasons, the Motion is denied.

**I.    BACKGROUND**

In December 2019, Flores was indicted for (1) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), (2) possessing with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), and (3) possessing a firearm in furtherance of a drug trafficking crime in violation of § 924(c)(1)(A)(i). (ECF Nos. 1, 56.) In June 2021, a jury convicted him as charged. (ECF Nos. 220, 222.) The Court sentenced Flores to concurrent 60-month terms of imprisonment on Counts 1 and 2 and a consecutive 60-month term of imprisonment on Count 3. (ECF No. 262.) He appealed only his Count 3 conviction and its mandatory five-year sentence of

1

imprisonment on sufficiency of the evidence grounds. The Tenth Circuit affirmed. *United States v. Flores*, 2023 WL 5273770, at *3 (10th Cir. Aug. 16, 2023).

Flores timely filed a habeas motion in January 2025. (ECF No. 291.) That motion, however, cursorily alleged ineffective assistance of counsel without any factual averment or supporting argument. (*Id.*) Flores himself described it as "a place-holder" motion. (*Id.* at 8.) At the Court's direction (ECF No. 292), Flores filed the amended Motion—outside of the filing deadline[1]—wherein he raises a myriad of claims, most of which appear to complain of ineffective assistance of counsel. (ECF No. 295.) The Government's response construes the Motion similarly, summarizing Flores's allegations of "ineffective assistance of counsel in four respects: (A) COVID restrictions impaired his counsel's ability to communicate with him; (B) counsel allegedly rejected plea offers without discussing them with Flores; (C) counsel was ineffective due to personal conflicts with the court; and (D) counsel failed to move for judgment of acquittal." (ECF No. 304 at 7–8.)

## II. LEGAL STANDARD

Ineffective assistance of counsel claims involve two inquiries: Whether "(1) counsel's performance was objectively unreasonable and (2) there was a reasonable probability that but for counsel's deficient performance, the result of the proceeding

---

[1] The Court shares the Government's concerns regarding the propriety of Flores's "place holder" motion. *See United States v. Woods*, 2016 WL 3743197, at *1 (D. Kan. July 13, 2016) (explaining that a place holder motion is "filed to satisfy the filing deadline with the intent to file a substantive motion after the limitations period has expired); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (affirming denial of section 2255 petition where allegations relating to ineffective assistance claims were conclusory and petitioner provided no supporting factual averments). But the Court elects to resolve the Motion on the merits—to the extent the original habeas motion asserted an ineffective assistance of counsel claim—since the Court directed Flores to amend the motion "because it was not submitted on the court-approved form and does not provide any supporting factual allegations." (ECF No. 292 at 1.)

would have been different." *Hancock v. Trammell*, 798 F.3d 1002, 1023 (10th Cir. 2015) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Reviewing courts may address the two parts of the test in any order, and failure to satisfy either part would preclude relief." *Id.*

### III.   ANALYSIS

Flores contends that his "criminal prosecution was conducted during the hype of the COVID-19 pandemic," which caused "his defense [to be] faced with a breadth of unprecedented restrictions, as well as outright denials of due process protections under the Constitution." (ECF No. 295 at 8.) He says "[t]hese impediments moved beyond a mere inconvenience and systematically deprived [him] of the substantive legal counsel needed to ensure a fair trial." (*Id.*) He then lists seven categories of rights, "[a]mong others," that he believes were allegedly violated: "(1) the right to effective and adequate assistance of counsel; (2) the right to conflict-free representation; (3) the right to confer privately with counsel; (4) the right to participate in ones [*sic*] own defense; (5) the right to speedy trial; (6) the right to public trial; and (7) the right to a fair and impartial trial." (*Id.*)

Initially, the Court observes that the lion's share of Flores's contentions raise direct appeal challenges to the Court's rulings. Take categories 5 through 7, for example. None of these contentions are based on the theory that Flores's *defense counsel*, Daniel Sears, performed deficiently, such that his right to effective counsel was violated. The contentions are instead based on the theory that *the Court* deprived Flores of a fair trial by failing to bring him to trial in a timely, public, and fair manner.

3

The same is true with respect to Flores's claim that he was denied the right to privately confer with Sears as a result of the COVID-19 pandemic while he was detained pretrial at Clear Creek County Jail. He argues that he "did not receive a single in-person attorney-client communication his entire legal proceeding" because of the health precautions taken by the jail facility. (*Id.* at 12.) But Flores does not aver that this was somehow Sears's fault. He instead attributes this error to the Court:

> [T]he trial court failed to consider the substantial infringement, and manifest prejudice, upon Flores's fundamental right to participate in his own defense. The fact is, Counselor Sears was repeatedly denied, over and over again by the Court any chance to comprehensively gather critical information needed to prepare Flores's defense, among many other things, by not being afforded the opportunity to have Flores participate in his defense.

(*Id.*)[2]

Flores likewise faults the Court for his alleged "denial of right to conflict-free representation." (*Id.* at 11.) Flores explains that he was denied this right as a result of "a personal history of bad-blood between" the undersigned and Sears. (*Id.*) He elaborates that Sears believed that the undersigned ruled against Flores on multiple occasions due to these "personal problems," including by denying Sears's multiple motions to withdraw. (*Id.*) Flores submits that this "substantial conflict-of-interest" "demanded a change of judgeship to ensure fair and impartial legal proceedings." (*Id.*)

---

[2] Flores equivocates at times in the Motion, at one point arguing that "Sears's performance with respect to his communications and right to confer privately with [him] was deficient as it did not meet an objective standard of reasonableness under the *Strickland* test." (ECF No. 295 at 4.) But this argument is inconsistent with the balance of Flores's argument on this point, which does not focus on Sears's conduct. It is also conclusory in that it does not articulate *what Sears did wrong*. The Court does not consider these conclusory arguments.

The problem with these arguments, however, is that they all boil down to the proposition that the Court failed to do one thing or another: Whether by failing to bring Flores to trial within the speedy trial deadline; failing to fashion a way for Sears to privately confer with him during the pandemic; failing to recuse itself from the case (despite no motion being filed for it to do so); or denying Sears's motions to withdraw. Critically, none of these arguments focus on Sears's conduct or lack thereof.

A habeas action is not the proper vehicle through which to challenge these kinds of perceived trial court errors. *See United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012) ("When a defendant fails to raise an issue on direct appeal, he is barred 'from raising it in a § 2255 motion 'unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed.'") (citations omitted); *see also Lopez v. Hatch*, 2007 WL 9733681, at *2 (D.N.M. July 31, 2007) ("Habeas corpus is not a substitute for an appeal and matters involving trial errors may not be reviewed collaterally.") (citation omitted); *Martley v. Douglas*, 463 F. Supp. 4, 8 (W.D. Okla. 1977) ("[M]ere trial errors are not reviewable by way of federal habeas corpus."). Hence, the Court rejects Flores's Motion to the extent it alleges ineffective assistance of counsel based on the Court's—not Sears's—alleged errors.[3]

That leaves what the Court (and the Government) perceives to be two remaining ineffective assistance of counsel claims: Sears's alleged failures to (1) communicate or

---

[3] This conclusion extends to Flores's other accusations scattered throughout the Motion, including that the Court erred by referring to the trial as a "guinea-pig trial," proceeding with the trial despite learning "that a juror was sleeping during testimony," or "disregard[ing] the federal judiciary's own guidance on COVID-19." (ECF No. 295 at 7.) Those are not appropriate habeas corpus arguments.

advise Flores of the Government's plea offers and (2) move for judgment of acquittal. (ECF No. 295 at 2.)  Both claims necessarily fail.

The Court first addresses Sears's alleged failure to communicate the Government's plea offers to Flores.  Specifically, Flores contends that the Government twice offered him a plea deal pursuant to which he would have pleaded guilty to Count 3 and served the five-year mandatory minimum under § 924(c) in exchange for dismissal of the other two Counts.  (ECF No. 66 at 4.)  Had he known about these offers, Flores submits, he would have accepted them, especially in light of the fact that he was ultimately convicted of all three charges and sentenced to ten years in prison.  (ECF No. 295.)

"The failure to inform a defendant of a favorable plea agreement (deficient performance) is a viable ineffective assistance of counsel claim when a defendant can prove that but for counsel's deficient performance, he would have accepted the plea (prejudice)."  *United States v. Castro*, 365 F. App'x 966, 967–68 (10th Cir. 2010) (citing *Williams v. Jones*, 571 F.3d 1086, 1090 n.3 & 4 (10th Cir. 2009)).  The Court initially set an evidentiary hearing on this issue to determine whether Sears indeed failed to inform Flores of a favorable plea agreement.  (ECF No. 306.)  About a month later, however, the parties stipulated that, "[o]ver the course of Mr. Flores's prosecution, the government made formal plea offers on April 9, 2020; May 27, 2020; October 30, 2020; and May 4, 2021."  (ECF No. 310 at 1.)  The parties further stipulated that Sears kept "[c]ontemporanous, written records" "reflect[ing] that Mr. Flores, being fully advised regarding each potential plea deal, rejected all four plea offers."  (*Id.*)  Hence, the parties have definitively disabused the Court of any doubt that Sears failed to inform

Flores of those offers.  Consequently, the Court rejects Flores's ineffective assistance of counsel claim based on Sears's alleged failure to inform him of the Government's plea offers, given that the parties' stipulation establishes precisely the contrary.

Flores's claim that Sears rendered deficient performance by failing to move "for a judgment of acquittal at the end of the Government's presentation of evidence" fares no better.  (ECF No. 295 at 5.)  This claim collapses by its own terms because Sears *did* in fact so move at the close of the Government's evidence.  Indeed, Sears filed an eight-page written motion to that effect (which the Court denied).  (ECF No. 209.)

To the extent Flores insists Sears's motion was nonetheless flawed because it failed to specifically argue that the Government's evidence hinged merely on circumstantial evidence, the Court disagrees.  "[E]vidence supporting guilt may be entirely circumstantial," and "[c]ircumstantial evidence may be accorded the same weight as direct evidence."  *United States v. Henry*, 468 F.2d 892, 894 (10th Cir. 1972).  Hence, it is clearly not deficient performance for an attorney not to move for acquittal on the specific ground that the Government's evidence focuses solely on circumstantial evidence.  If anything, Sears dutifully stated the applicable law in the following sentence of his motion: "In reviewing whether to grant a defense motion for judgment of acquittal, the court must determine whether taking the evidence, *both direct and circumstantial*, together with reasonable inferences to be drawn therefrom, in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt."  (*Id.* at 7 (emphasis added).)  Thus, the Court does not discern ineffective assistance of counsel on this ground either.

7

Finally, the Court rejects Flores's cumulative error argument. (ECF No. 295 at 13.) That legal theory presupposes a finding of multiple errors. But the Court has not identified *any* errors based on Flores's arguments. The cumulative error doctrine therefore has no application here. *See Hooks v. Workman*, 689 F.3d 1148, 1195 (10th Cir. 2012) ("[A]s the term 'cumulative' suggests, cumulative-error analysis applies where there are two or more actual errors. It does not apply . . . to the cumulative effect of non-errors.") (citation omitted).

## IV.     CONCLUSION

For these reasons, the Court Orders as follows:

1. The Motion is DENIED (ECF Nos. 291, 295.)

2. Judgment shall enter in favor of Plaintiff-Respondent and against Defendant-Movant;

3. Each party shall bear their own court costs; and

4. The Clerk shall terminate this action.

Dated this 19th day of November, 2025.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge